UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Ralph Strange</u>

   v.                                            Civil No. 03-cv-080-JD

<u>Jo Anne B. Barnhart, Commissioner</u>
<u>Social Security Administration</u>


<u>O R D E R</u>

    Ralph Strange's request for judicial review of the decision denying his application for social security disability insurance benefits and supplemental security income was remanded under Sentence Six of 42 U.S.C. § 405(g) for further administrative proceedings when the agency found that the administrative record for the case was missing. After the Commissioner issued a second decision, granting Strange's application for benefits, judgment was entered in accordance with that decision. Strange now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking an award of $7,287.01. The Commissioner opposes the motion, contending that Strange is not a prevailing party within the meaning of the EAJA and contesting the hourly rate claimed as to certain entries and the right to compensation for fees for other entries.

Background[1]

Ralph Strange applied for social security disability insurance benefits and supplemental security income benefits on November 5, 1998, after two previous applications, in 1993 and 1994, were unsuccessful. He claimed an onset date of July 15, 1998. He alleged that he was disabled due to heart disease, arthritis in both knees, a pinched nerve in his left arm, and hypertension.

His application was denied initially and on reconsideration. A hearing on the application was held on March 16, 2000, where Strange was represented by counsel and testified. The Administrative Law Judge (ALJ) issued a decision on August 4, 2000, in which she found that Strange had severe impairments but retained the residual functional capacity for less than a full range of light work. Based on the testimony of a vocational expert, the ALJ concluded that there were jobs Strange could do and that he was not disabled. The Appeals Council declined to review the decision.

Strange sought judicial review in this court pursuant to 42 U.S.C. § 405(g). When the Social Security Administration determined that Strange's administrative file and the recording of the hearing were missing, the Commissioner moved to remand the case under Sentence Six of § 405(g). The Appeals Council

---

[1] The background information is taken from the Administrative Law Judge decisions issued on August 4, 2000, and June 23, 2005, and the filings in this case.

remanded the case to the ALJ for further proceedings to reconstruct the administrative file.

On remand, Strange amended his application to claim an onset date of September 30, 2002. He was fifty-four years old as of that date. A hearing was held on March 28, 2005, where Strange again was represented by counsel and testified. The ALJ issued her decision on June 23, 2005. The ALJ found that Strange had severe impairments as of September 30, 2002, due to coronary artery disease, chronic obstructive pulmonary disease, chronic Hepatitis B, and chronic shoulder and back pain. She found that he retained the residual functional capacity to lift no more than ten pounds occasionally and to do only occasional walking and standing. The ALJ explained that the erosion in Strange's residual functional capacity since her decision in June of 2000 was due to an increase in his symptoms and impairments over the intervening time. The ALJ also found that on September 30, 3002, Strange was closely approaching advanced age. Based on those findings, the ALJ determined that Strange was disabled. After receiving notice of the ALJ's decision, the court entered judgment in Strange's favor in accord with the ALJ's decision.

## Discussion

Strange has filed a motion for an award of attorneys' fees under the EAJA. The Commissioner contends that Strange is not entitled to an award because he is not a prevailing party. She

also contests the reasonableness of the hourly rate claimed as to some of the work performed and asserts that some of the time is not compensable under the EAJA.

A.  Prevailing Party

In an administrative or court proceeding against an agency of the United States, the EAJA provides that a prevailing party is entitled to an award of attorneys' fees.[2]  § 2412(d)(1)(A).  A "prevailing party" in this context "is one who has been awarded some relief by the court."  Buckhannon Bd. & Care home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001).  When the court remands a case under Sentence Six of § 405(g), retaining jurisdiction, and the claimant prevails on his application after further administrative proceedings, the claimant is a "prevailing party" when the court enters judgment in his favor.  Marshall v. Comm'r of Soc. Sec., 444 F.3d 837, 841–42 (6th Cir. 2006).

The government acknowledges that Strange succeeded on his claim after remand and that the court retained jurisdiction over the case during the administrative proceedings.  The government also acknowledges that judgment was entered by the court in Strange's favor.  Nevertheless, the government contends that Strange is not a prevailing party because his success was due to

---

[2]The Commissioner has not raised an issue as to whether its position was substantially justified or suggested that special circumstances would make an award unjust.  See § 2412(d)(1)(A).

the passage of time and the amendment of his claim, rather than the merit of his original claim.

Strange was allowed to amend his claim for purposes of the administrative proceeding, and the Commissioner's decision is based upon that amendment. Therefore, he succeeded on his claim, as amended and considered by the ALJ. Judgment, based on that favorable decision, has been entered here. That is a sufficient basis for finding that Strange is a prevailing party under the EAJA.

B.  Computation of Reasonable Rate and Hours

The EAJA provides for an award of reasonable attorneys' fees. § 2412(b); United States v. Knott, 256 F.3d 20, 26 (1st Cir. 2001). Rates in excess of $125 per hour may be awarded if the court determines that an increase in the cost of living or another special factor would justify a higher hourly rate. § 2412(d)(2)(A)(ii). Time spent on clerical or administrative tasks is not compensated at an attorney's hourly rate, even if an attorney does the work. Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 860 (1st Cir. 1998) (citing Lipsett v. Blanco, 975 F.2d 934, 939 (1st Cir. 1992)).

Strange seeks an award of $7,287.01 for work done by his attorney from October of 2003 to February of 2006. The requested hourly rate for 2003 is $147.73; for 2004 it is $153.26; for 2005 it is $155.35, and for 2006 it is $160.00. Strange has filed

detailed billing records in support of his request. The Commissioner does not contest the requested hourly rate except to argue that it should be reduced for the time counsel spent reconstructing the administrative record. The Commissioner also challenges time spent on certain activities that she contends were unnecessary to the litigation. Strange replies that reconstructing the administrative file in this case was not clerical and was the result of the Commissioner's negligence, not duplicative or unproductive work. Strange concedes that some of the time billed should be compensated at a reduced rate.

Strange explains that his attorney had to review his files and previous administrative files and evaluate what the agency had found or thought it could retrieve in order to fill the gaps to reconstruct the missing administrative record. That effort required knowledge and expertise beyond simple tasks of copying or filing documents. Therefore, counsel's work to reconstruct the administrative record in this case was not merely a clerical task. The time spent reconstructing the record will be compensated at the full hourly rate.

Strange agrees that certain time entries for transmitting faxes and requesting records were clerical in nature and should be compensated at a reduced rate. In reviewing the records, the

court also found a few additional similar entries that will be compensated at a reduced rate. Those entries are as follows:

| Date | Description | Amount |
|---|---|---|
| 4/23/03 | Filing | .25 |
| 10/01/04 | Fax | .25 |
| 2/29/05 | Fax | .25 |
| 3/29/05 | Request records | .60 |
| 4/6/05 | Request records | .25 |
| 4/12/05 | Request records | .50 |
| 4/13/05 | Fax | .50 |

The remaining challenged time entries are allowed. Therefore, the amount of fees is reduced by $240.89. The amount of fees awarded is $7046.12.

## Conclusion

For the foregoing reasons, the plaintiff's motion for an award of attorneys' fees (document no. 10) is granted in part. The plaintiff is awarded $7046.12 in attorneys' fees.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

June 14, 2006

cc: Raymond J. Kelly, Esquire
David L. Broderick, Esquire